ELECTRONICALLY FILED - 2020 May 27 1:31 PM - OCONEE - COMMON PLEAS - CASE#2020CP3700338

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF OCONEE ) <br> ) <br> TCT1, LLC d/b/a Western Upstate Keller ) <br> Williams, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Nationwide Property and Casualty ) <br> Insurance Company, ) <br> ) <br> Defendants. ) | IN THE COURT OF COMMON PLEAS <br><br> C.A. No.: 2020-CP-_____ <br><br><br> SUMMONS |

TO: THE DEFENDANT ABOVE-NAMED

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

May 27, 2020

/s/ Kyle J. White_____
Kyle J. White (S.C. Bar No. 101426)
White, Davis, and White Law Firm
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
(864) 231-8090

Chris Moore (S.C. Bar No. 77934)
2700 Middleburg Drive, Suite 220
Columbia, South Carolina 29204
T: 803-541-7850
cmoore@rpwb.com

Attorneys for the Plaintiff

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF OCONEE ) | |
| ) | C.A. No.: 2020-CP-_____ |
| TCT1, LLC d/b/a Western Upstate Keller ) | |
| Williams, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| vs. ) | |
| ) | |
| Nationwide Property and Casualty ) | |
| Insurance Company, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, TCT1, LLC d/b/a Western Upstate Keller Williams, complaining of the defendant would respectfully allege and show unto the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. TCT1, LLC d/b/a Western Upstate Keller Williams (hereinafter referred to as "TCT1") is a South Carolina limited liability company

2. Nationwide Property and Casualty Insurance Company (hereinafter referred to as "Nationwide") is a mutual insurance company organized and existing under the laws of Ohio which writes insurance policies, including policies which cover property and interests located in South Carolina.

3. The insurance policy at issue was written and delivered in South Carolina, and that the loss at issue occurred in Oconee County, South Carolina. TCT1 is therefore informed and believes that jurisdiction and venue are proper in this Court.

### FACTUAL BACKGROUND

4. Nationwide issued a premier businessowners policy to TCT1 with effective dates of coverage from October 19, 2018 to October 19, 2019, which was renewed for the October 19, 2019 to October 19, 2020 policy period under policy number ACP BPOK 2313555018. The

policies provide certain coverages for property located at 455 Highway 123 in Seneca, South Carolina (hereinafter referred to as "the property").

5. The property contains a one-story commercial office building on the main body of the site as well as a two-story office building that sits at the rear of the property. The two office buildings on the property are surrounded by a parking lot. The buildings and parking lot were constructed in approximately 2001, and TCT1 purchased the property in 2018.

6. Behind the rear parking lot of the property is an approximate 45 foot slope down to a creek. The creek is conveyed below the surface through the middle of the property by 72" and 84" corrugated metal pipes ("CMP").

7. In late October 2019, the slope to the rear of the property abruptly collapsed, causing severe damage to the parking lot and the surrounding property.

8. Following the collapse, TCT1 retained an engineer to inspect the property and determine the cause of the loss. The engineer inspected the property and determined that the loss was the result of a collapse of the CMP pipes. Further, the engineer determined that the collapse of the pipes was an abrupt event that triggered the slope failure and scarp.

9. TCT1 timely reported the covered loss to Nationwide.

10. By letter dated March 27, 2020, Nationwide denied coverage for the covered loss. The March 27, 2020 letter contained no explanation for the basis of Nationwide's decision to deny coverage for the loss. Rather, the letter merely consists of cut and paste policy provisions with no explanation as to which provisions Nationwide contends are applicable and no factual basis for support.

11. TCT1 has demanded that Nationwide reconsider its position, but Nationwide has refused to honor its contractual responsibilities and accept coverage for the loss.

ELECTRONICALLY FILED - 2020 May 27 1:31 PM - OCONEE - COMMON PLEAS - CASE#2020CP3700338

ELECTRONICALLY FILED - 2020 May 27 1:31 PM - OCONEE - COMMON PLEAS - CASE#2020CP3700338

# FOR A FIRST CAUSE OF ACTION - <u>DECLARATORY JUDGMENT</u>

12. TCT1 incorporates herein by reference the allegations contained in the paragraphs above.

13. It alleges that an actual controversy exists between TCT1 and Nationwide regarding whether the claims made arising out of the loss are covered under the terms of the policy at issue.

14. The policy provides, in pertinent part, as follows:

**PREMIER BUSINESSOWNERS PROPERTY COVERAGE FORM**

**A.   COVERAGE**

We will pay for direct physical loss of or damage to Covered Property at the described premises in the Declarations caused by or resulting from any Covered Cause of Loss.

    **1.   Covered Property**

Covered Property includes Buildings as described under paragraph a. below, Business Personal Property as described under paragraph b. below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under paragraph 2, PROPERTY NOT COVERED.

        **a.   Buildings**, meaning the described buildings and structures at the described premises, including:

            (1)   Completed additions;

            (2)   Fixtures, including outdoor fixtures;

            (3)   Permanently installed:

                (a)   Machinery;

                (b)   Equipment; and

>> (c) Tanks, including pumps;
>
> . . .
>
> (7) Garages, storage buildings, spas, swimming pools, fences, retaining walls or other appurtenant structures usual to your business, but only if:
>
>> (a) Coverage is not provided for such structures under the Appurtenant Structures Additional Coverage; and
>>
>> (b) Such structures are then described in the Declarations.
>
> . . .
>
> **3. Covered Causes of Loss**
>
> This Coverage Form insures against physical loss unless the loss is:
>
> **a.** Excluded in Section B., Exclusions; or
>
> **b.** Limited in Paragraph A.4., Limitations in this section; or
>
> **c.** Limited or excluded in Section E. Property Loss Conditions or Section F. Property General Conditions.
>
> . . .

15. Coverage is provided under the Policy for direct physical loss to Covered Property caused by or resulting from any Covered Cause of Loss.

16. The property at issue constitutes Covered Property.

17. The loss was not excluded cause of loss in Section B. Exclusions, limited in Paragraph A.4 Limitations, or limited or excluded in Section E. Property Loss Conditions or Section F. Property General Conditions. As such, the loss was caused by a Covered Cause of Loss.

18. Accordingly, because the loss is for direct physical loss to Covered Property

5

resulting from a Covered Cause of Loss, the loss is covered by the Nationwide policy.

19. In addition, the policy provides, in pertinent part, as follows.

   **5. Additional Coverages**

   . . .

   **e. Collapse**

   The coverage provided under this Collapse Additional Coverage applies only to an abrupt collapse as described and limited in paragraphs e.(1) through (7).

   (1) For the purpose of this Collapse Additional Coverage abrupt collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building cannot be occupied for its intended purpose.

   (2) We will pay for direct physical loss of or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this policy, if such collapse is caused by one or more of the following:

   (a) Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

   . . .

   (d) Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs after the construction, remodeling or renovation, but only if the collapse is caused in part by:

   (i) A cause of loss listed in paragraph 2(a) or 2(b);

   …

   . . .

20. The loss was caused by an enumerated offense contained in the "collapse" coverage. Accordingly, the loss was caused by a collapse for purposes of coverage under the

policy.

21. TCT1 is thus informed and believes that the loss at issue is covered under the terms of the Nationwide policy. As such, Nationwide is obligated to pay the claims and TCT1 is entitled to a declaration to this effect.

**FOR A SECOND CAUSE OF ACTION –
BREACH OF CONTRACT**

24. TCT1 incorporates herein by reference the allegations contained in the paragraphs above.

25. TCT1 entered into a binding contract with Nationwide to provide fire and casualty insurance covering TCT1's property.

26. The loss described herein is covered by the terms and conditions of the Nationwide policy.

27. Nationwide has breached its obligations to TCT1 under the insurance contract by refusing to pay the claim.

28. As a direct and proximate cause of Nationwide's failure to fulfill its contractual obligation to pay the covered loss claim, TCT1 has suffered nominal, actual, and consequential damages in an amount to be determined by the Court and jury in this matter.

**FOR A THIRD CAUSE OF ACTION –
COMMON LAW BAD FAITH**

29. TCT1 incorporates herein by reference the allegations contained in the paragraphs above.

30. By and through its actions as set forth above, Nationwide has refused to acknowledge the validity and scope of the claim presented by TCT1 pursuant to a binding contract of insurance. This refusal is willful, in bad faith, and without reasonable justification in

ELECTRONICALLY FILED - 2020 May 27 1:31 PM - OCONEE - COMMON PLEAS - CASE#2020CP3700338

violation of the implied covenant of good faith and fair dealing in the insurance agreement.

31. As a direct result and consequence of Nationwide's bad faith refusal to fulfill its obligations, TCT1 has suffered nominal and actual damages including, but not limited to, the cost of obtaining necessary repairs to the covered property, emotional distress and hardship, economic loss resulting from time lost, and attorney's fees and costs in this action.

32. TCT1 is entitled to a judgment against Nationwide in an amount to be determined by the Court and jury for the nominal and actual damages. TCT1 is also entitled to an award of punitive damages against Nationwide for its willful violation of the contract, bad faith, and unreasonable actions.

### FOR A FOURTH CAUSE OF ACTION – STATUTORY LAW BAD FAITH

33. TCT1 incorporates herein by reference the allegations contained in the paragraphs above.

34. TCT1 demanded payment for its covered loss under the binding policy of insurance with Nationwide more than ninety (90) days prior to the filing of this action. Despite this demand, Nationwide has failed to pay the full amount due and owing under the contract of insurance for a covered loss to TCT1's property.

35. By and through its actions as set forth above, Nationwide has willfully refused to honor its obligations to TCT1 to pay covered claims. Nationwide's refusal to honor its obligations is without reasonable cause and in bad faith, all in violation of the provisions of S.C. Code §38-59-40.

36. As a direct and proximate result of Nationwide's bad faith breach of the insurance contract, TCT1 has suffered nominal, actual, and consequential damages in an amount to be determined by the Court and the jury in this matter, including, but not limited to, the cost of

ELECTRONICALLY FILED - 2020 May 27 1:31 PM - OCONEE - COMMON PLEAS - CASE#2020CP3700338

obtaining necessary repairs to the covered property, economic loss resulting from time loss, and attorney's fees and costs in this action.

37. TCT1 is entitled to judgment against the defendant in an amount equal to its nominal, actual, and consequential damages, along with an award of attorney's fees and the costs of this action.

WHEREFORE, TCT1 prays as follows:

(1) For a judicial declaration that the policy provides coverage for the loss under the terms and conditions of the Nationwide policy;

(2) For judgment against Nationwide for nominal, actual, consequential, and punitive damages;

(3) For its attorneys' fees and the costs of this action; and

(4) For any such other and further relief as this Court shall deem just and proper.

May 27, 2020
/s/ Kyle J. White
Kyle J. White (S.C. Bar No. 101426)
White, Davis, and White Law Firm
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
(864) 231-8090

Chris Moore (S.C. Bar No. 77934)
2700 Middleburg Drive, Suite 220
Columbia, South Carolina 29204
T: 803-541-7850
cmoore@rpwb.com

Attorneys for the Plaintiff

# AFFIDAVIT OF SERVICE

State of South Carolina    County of Oconee    Common Pleas Court

Case Number: 2020-CP-37-00338

Plaintiff:
**TCT1, LLC d/b/a Western Upstate Keller Williams**

vs.

Defendant:
**Nationwide Property and Casualty Insurance Company**

For:
White Davis & White Law Firm
209 East Calhoun Street
P.O. Box 1346
Anderson, SC 29622

Received by Palmetto Legal Gophers, LLC to be served on **Nationwide Property And Casualty Insurance Company C/O: South Carolina Department Of Insurance, 1201 Main St., Columbia, SC 29201**.

I, Catherine Young, being duly sworn, depose and say that on the **12th day of June, 2020 at 2:06 pm**, I:

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Letter, Summon, Complaint** to: **Sabrina Gilchrist** as **Admin. Specialist Authorized To Accept** for **Nationwide Property And Casualty Insurance Company C/O: South Carolina Department Of Insurance**, and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served: Age: 48, Sex: F, Race/Skin Color: Black, Height: 5'6", Weight: 145, Hair: Black, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 17th day of June, 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC
EXP. DATE _____

Ron Grossberg
Notary Public, South Carolina
My Commission Expires
March 3, 2030

Catherine Young

Palmetto Legal Gophers, LLC
www.palmettolegalgophers.com
PO Box 6108
Columbia, SC 29260
(803) 216-1621

Our Job Serial Number: LPW-2020001298

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

